**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louise Hubbard, | No. CV-25-08152-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Navajo Health Foundation Incorporated-Sage Memorial Hospital, et al., | |
| Defendants. | |

On October 6, 2025, the Court issued an Order in which it set an in-person status conference to, among other things, discuss the pending motions to dismiss for lack of jurisdiction and motion to stay proceedings. (*See* Doc. 22.) On the day of the status conference, Plaintiff's counsel did not appear. At no time did Plaintiff file a motion to continue the status conference or to appear telephonically.

Court staff were ultimately able to contact counsel by telephone approximately fifteen minutes after the status conference was scheduled to start, which delayed not only the status conference but the Court's remaining calendar. Once counsel did appear telephonically, his only explanation for his lack of appearance was that the status conference was not put on his calendar.

The Court finds that sanctions under Federal Rule of Civil Procedure 16(f) and its inherent authority is appropriate. Rule 16(f)(1) provides that "the court may issue any just orders . . . if a party or its attorney" (1) "fails to appear at a scheduling or other pretrial conference," (2) "is substantially unprepared to participate . . . in the conference," or (3)

"fails to obey a scheduling or other pretrial order." "Rule 16(f)'s explicit reference to sanctions reflects the Rule's intention to encourage forceful judicial management" and "vests a district court with discretion to impose whichever sanction it feels is appropriate under the circumstances." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quotation marks omitted); *see also Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). The Court may also "fashion an appropriate sanction for conduct which abuses the judicial process" pursuant to its inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (citation omitted).

Here, the Court finds that counsel's failure to review its orders or, if counsel would not read the orders themselves, ensure that those whom they supervise took care to abide by them is tantamount to bad faith, because it demonstrates at least reckless disobedience to their responsibilities as counsel of record, *see* LRCiv 83.3(a), or willful ignorance. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002) (affirming sanctions under inherent authority where "counsel's reckless *and* knowing conduct . . . was tantamount to bad faith"). Plaintiff's counsel's failure to calendar the status conference also resulted in their failure to appear in person for the conference at the scheduled time, in violation of the Court's Order. *See* Fed. R. Civ. P. 16(f)(1). Plaintiff's failure to appear caused delay for both the Court and defense counsel and unnecessarily extended proceedings.

As stated at the status conference, the Court an appropriate sanction in this instance is for Plaintiff's counsel to pay a fine of $1,000. *Compare Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming sanctions under Rule 16 for party representative's unintentional failure to attend mediation session), *with Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) (affirming dismissal of case without prejudice as a sanction under Rule 16(f) for failing to "appear at a scheduled pretrial conference or to otherwise prepare for trial").

. . . .

Accordingly,

**IT IS ORDERED** that Plaintiff's counsel—Forrest G Buffington and Nathan Scott Anderson of Barber & Borg LLC—are jointly and severally sanctioned in the amount of $1,000 pursuant to Rule 16(f) and the Court's inherent authority.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must make payment to the Clerk of Court by **November 25, 2025**.

**IT IS FINALLY ORDERED** that Plaintiff's counsel must file a Notice of Compliance within **1 day** of making payment.

Dated this 19th day of November, 2025.

Michael T. Liburdi
United States District Judge